[817 NYS2d 393]

In the Matter of GEORGE R. BROWN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 20, 2006

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order dated May 25, 2005, the Supreme Court of the state of Arizona disbarred the respondent, directed him to contact the Director of the Law Office Management Assistance Program no later than six months before applying for reinstatement, and scheduled a Member Assistance Program assessment. The court ordered that the respondent be placed on probation for a period of two years after reinstatement and directed him to make restitution in the total amount of $37,029.94 to the four complainants.

The Grievance Committee served the respondent with a notice pursuant to 22 NYCRR 691.3 apprising him of his right to file, within 20 days of service, a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c), and to demand a hearing with respect to those defenses.

An aggravation and mitigation hearing was held in the state of Arizona before a Hearing Officer on November 5, 2004. The respondent failed to appear at that hearing, whereupon the Hearing Officer made her recommendations.

The matter came before the Disciplinary Commission of the Supreme Court of Arizona on February 12, 2005, for consideration of the Hearing Officer's report. That report recommended the respondent's disbarment with conditions of reinstatement which included obtaining a Member Assistance Program assessment six months prior to filing an application for reinstatement; providing evidence of successful treatment of any anxiety disorders and rehabilitation from the abuse of controlled substances, including alcohol, six months prior to filing an application for reinstatement; two years of probation with terms and conditions to be determined upon reinstatement; restitution; and costs.

The Disciplinary Commission found that the respondent violated the duties owed to his clients, the legal system, and the profession in general. There had been substantial and irreparable injury to four clients. Inasmuch as there was no evidence regarding the respondent's mental state, it was not a factor in the Arizona proceedings. The respondent abandoned his clients, lied to two clients about the status of their cases, and obstructed the ability of all four clients to preserve their legal rights. He received substantial legal fees and retainers from all four clients but provided minimal or no services to them. It was found that

the respondent knowingly converted client funds to his own use by abandoning the clients in all four cases and refusing to refund any of the fees he received.

Although served in the state of Arizona on January 10, 2006, via first class mail and posting of the papers to his front door as authorized by this Court's order of substitute service dated December 28, 2005, the respondent failed to reply in any way.

Inasmuch as the respondent has not asserted any of the enumerated defenses or requested a hearing before the imposition of reciprocal discipline upon him, there is no impediment to the imposition of reciprocal discipline in New York at this juncture. Accordingly, the petitioner's motion for the imposition of discipline is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in New York based upon his disbarment by the Supreme Court of the State of Arizona.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and RIVERA, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, George R. Brown, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, George R. Brown, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, George R. Brown, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, George R. Brown, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).